IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SABINO RIVERA-LOPEZ,

    Petitioner,

v.                            CIVIL ACTION NO. 5:14-cv-167
                                (Judge Stamp)

CHARLES WILLIAMS, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On December 31, 2014, Petitioner, proceeding *pro se*, filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking an order to compel the Bureau of Prisons ("BOP") to recalculate his sentence to credit him for time he alleges was spent in federal custody awaiting sentencing on his federal charge of Illegal Re-entry (hereinafter "Petition"). ECF No. 1. On January 15, 2015, Petitioner filed his Petition on a court-approved form. ECF No. 5. Petitioner paid the required filing fee on February 23, 2015. ECF No. 12. By Order entered on March 2, 2015, this Court directed the Respondent to show cause why the petition should not be granted. ECF No. 13. On March 23, 2015, Respondent filed a Motion and Memorandum in Support of Motion to Dismiss and Response to Order to Show Cause. ECF Nos. 16, 17. On March 24, 2015, a *Roseboro* Notice was issued. ECF No. 18. On April 3, 2015, Petitioner filed a Motion in Opposition of Respondent Motion to Dismiss Petition. ECF No. 20.

### II. FACTS

*A. Conviction and Sentence*

On April 7, 2010, Petitioner was detained by Bureau of Immigration and Customs Enforcement ("ICE") agents and admitted to entering the United States illegally. ECF No. 17-1.

On April 28, 2010, Petitioner was indicted in the Southern District of Texas for Illegal Re-entry by a Previously Deported Alien After an Aggravated Felony Conviction. Id. On August 20, 2010, Petitioner was sentenced in Case No. 5:07-cr-00341-002[1] to eight months incarceration and in Case No. 4:10-cr-00270-001[2] to sixty months incarceration, resulting in a combined sixty-eight month term of imprisonment. Id.

The BOP prepared a sentence computation for Petitioner based upon a sixty-eight month term of imprisonment commencing on August 20, 2010, the day the sentences were imposed, with prior custody credit from April 28, 2010, the day of the indictment, through August 19, 2010, the day prior to the sentence being imposed. Id. Petitioner was scheduled to be released from BOP custody on April 28, 2015, via Good Conduct Time Release, to ICE for deportation. Id.

B. *Federal Habeas*

**1. Petitioner's Motion**

In his Petition, Petitioner asks the Court to order the BOP to credit Petitioner for time served. ECF No. 1. Specifically, Petitioner alleges he spent 135 days, April 7, 2010 through August 20, 2010, in federal custody awaiting sentencing on his federal charge of Illegal Re-entry. Id. During sentencing, Petitioner claims the presiding judge ordered that all time served should have been credited to his current sentence. Id. However, Petitioner claims computation data reflects he only received 114 days credit for time served. Id. For relief, Petitioner seeks an Order directing the Bureau of Prisons to credit him with the appropriate jail time. Id.

---

[1] The violation in this criminal case was : (1) Reentry after deportation and (2) Violation of special condition ordering offender not return to the U.S. ECF No. 17-2. In effect, Petitioner violated the terms of his supervised release. ECF No. 17-2.

[2] The nature of the offense in this case was Illegal re-entry by a previously deported alien after an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2).

**2. Government's Response**

In its Response, the Government alleges two claims. ECF No. 17. First, the Government asserts Petitioner has failed to exhaust his administrative remedies regarding his sentence computation. Id. Second, the Government claims Petitioner's federal sentence is appropriately calculated because Petitioner is not entitled to credit for the time he spent in ICE custody from April 7, 2010 through April 27, 2010. Id. More specifically. Respondent alleges "[o]fficial detention does not include time spent in custody of [ICE] under the provision of 8 U.S.C. § 1252 pending a final determination of deportability." Id.

**3. Petitioner's Reply**

Petitioner maintains that exhaustion of administrative remedies would have been futile because he learned of his calculation/computation change in January of 2015, less than 70 days from his original release date. ECF No. 20. Petitioner maintains the BOP's three-tiered administrative remedy process takes an average of six months to complete. Id. In addition, Petitioner alleges that during his sentencing, the presiding judge ordered that all of the time he spent incarcerated should be credited towards his sentence. Id. Finally, Petitioner alleges that under 18 U.S.C. § 3585(b), a defendant should be given credit toward the service of a term of imprisonment for any time he spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed that has not been credited against another sentence. Id.

### III. ANALYSIS

Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies. Therefore, a case becomes moot when there is no viable legal issue left

to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. McKinney v. Phillips, No. 5:06-CV-144, 2009 WL 307489, at *3 (N.D.W.Va. February 9, 2009) (citing Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996)).

Petitioner is seeking credit against his federal sentence for the time spent in federal custody awaiting sentencing on his federal charge of Illegal Re-entry. The ultimate purpose in seeking this credit is to reduce the time he must spend in federal custody.

Although Petitioner has not notified the Court of a change of address, the BOP website establishes that he was released from custody on April 30, 2015, via Good Conduct Time Release. Accordingly, Petitioner is no longer in the custody of the BOP, and there is no relief that this Court can offer. Therefore, this case is now moot.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's § 2241 Petition [ECF No. 1] be **DISMISSED AS MOOT** and Respondent's Motion [ECF No. 16] be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States Senior District Court Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v.

Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: July 22, 2015

/s Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE