IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SABINO RIVERA-LOPEZ,

    Petitioner,

v.                                           Civil Action No. 5:14CV167
                                                             (STAMP)
CHARLES WILLIAMS, Warden,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING THE REPORT AND**
**RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.   Background

The pro se[1] petitioner, a federal inmate, filed his petition under 28 U.S.C. § 2241 ("§ 2241") concerning the calculation of his sentence. In particular, the petitioner requests the Bureau of Prisons ("BOP") to recalculate his sentence based on credit for time spent in federal custody awaiting his sentencing. The petitioner was sentenced for illegal re-entry by a previously deported alien after an aggravated felony conviction, in violation of 8 U.S.C. § 1326. He received a sentence that totaled 68 months of imprisonment on August 20, 2010. Further, the BOP computed his sentence, with prior custody credit included. ECF No. 17 Ex. 1. According to their computation, the petitioner was scheduled to be released from BOP custody on April 28, 2015.

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

United States Magistrate Judge Robert W. Trumble entered a report and recommendation, wherein he recommends dismissing as moot the petitioner's petition. ECF No. 21. Magistrate Judge Trumble points out that the petitioner was released on April 30, 2015 under "Good Conduct Time Release." Therefore, the BOP no longer maintains custody of the petitioner. Accordingly, the magistrate judge found that the petitioner's request for credit for time spent in custody awaiting sentencing is now moot because the petitioner is no longer serving a sentence. The petitioner did not file objections to the report and recommendation, and he has not updated his change of address since release.

For the reasons set forth below, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in <u>United States v. United States Gypsum Co.</u>, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the

definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

## III. Discussion

As the magistrate judge correctly points out, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Moreover, "Article III's 'case or controversy' requirement prevents federal courts from deciding cases that are moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698 (3d Cir. 1996) (citing Liner v. Jafco, Inc., 375 U.S. 301 n.3 (1964)). Here, the petitioner sought credit toward his federal sentence, for the purpose of reducing his time in federal custody. The petitioner has since been released, and therefore his claim for relief is now moot. Thus, the petitioner's petition is dismissed as moot. Accordingly, the Court finds no clear error in the magistrate judge's findings, and the report and recommendation of the magistrate judge is affirmed and adopted.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 21) is AFFIRMED AND ADOPTED. Therefore, the respondent's motion to dismiss and response to show cause (ECF No. 16) is DENIED AS MOOT and the petitioner's petition is DISMISSED AS MOOT.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See <u>Wright v. Collins</u>, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 28, 2015

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE